```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| KENDRA G. HILEMAN, | ) |
| Plaintiff, | ) No. CV-05-247-CI<br>)<br>) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) AND DIRECTING ENTRY OF |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | ) JUDGMENT FOR DEFENDANT<br>)<br>) |
| Defendant. | )<br>) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 15) submitted for disposition without oral argument on February 27, 2006. Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 49-years-old at the time of the administrative hearing, completed the eighth grade and had past work experience as a machine operator and fabric inspector. Plaintiff filed concurrent applications for Social Security disability and Supplemental Security Income (SSI) benefits on January 31, 2003, alleging

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

disability as of August 1, 1999, due to hearing loss, hypothyroidism, depression, and problems with comprehension. (Tr. at 19.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Mary B. Reed (ALJ). In February 2005, the ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is proper under to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and suffered from severe impairment limited to hearing loss, but that impairment did not meet the Listings. (Tr. at 24.) Plaintiff's testimony was not found to be fully credible. The ALJ found she had a residual capacity for light work with additional limitations associated with hearing loss. Based on the testimony of a vocational expert, the ALJ concluded Plaintiff could perform her past relevant work as an eyelet machine operator. (Tr. at 24.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when she (1) improperly rejected medical evidence and relied on the testimony of the consulting physician, Dr. Scott Mabee; (2) failed to properly reject the limitations noted by examining physician, Dr. John McRae, and the treating physician, Dr. Kimberly Johnstone; and (3) failed to properly reject the testimony of Plaintiff's witnesses, her mother and sister.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

>In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. <u>Treating and Examining Physicians</u>

Plaintiff contends the ALJ improperly rejected the opinions of the treating and examining physicians in favor of the opinion of the consulting physician. Plaintiff relies on the sedentary work limitation noted by Dr. Kimberlyn Johnstone (Tr. at 256) and the mental impairments assessed by treating mental health experts at Stevens County Counseling Services and examining physician, Dr. John McRae. (Tr. at 154, 166, 260.) Defendant responds the ALJ considered the medical evidence of record and appropriately relied on the testimony of the consulting expert.

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a

non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician, but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

A. <u>Mental Impairments</u>

The ALJ relied on the opinions of Drs. Mabee, who testified at the hearing, and McRae, who examined Plaintiff. Dr. Mabee concluded Plaintiff's mental impairments were non-severe as they did not meet the durational requirement. He rejected the findings of the Stevens County Counseling providers noting the emotional issues were related to Plaintiff's relationship with her spouse and resolved successfully with six months of counseling. (Tr. at 21.) This finding is supported by the record. (Tr. at 229.)

Dr. McRae opined Plaintiff could work at a job learned by visual demonstration, involving no more than three steps, with no

exposure to hazardous machinery, the general public, or unprotected heights. This finding is supported by the record. (Tr. at 160.) The ALJ also concluded Plaintiff did not suffer from a severe cognitive impairment because testing relied on by Dr. Clarke Ashworthe did not accommodate Plaintiff's hearing loss and testing at UCLA when Plaintiff was a child did not disclose any cognitive limitations. (Tr. at 21.) These findings are sufficient and supported by the record.

B. <u>Physical Impairments</u>

In her opinion, the ALJ noted Plaintiff suffered from severe hearing loss. Although Dr. Johnstone opined in 2004 Plaintiff would be limited to sedentary work, that finding is not supported by her clinical notes and was made several years after the date of last insured. (Tr. at 256.) Hypothyroidism and musculoskeletal impairments were considered non-severe because they were well-controlled with medication (Synthroid and anti-inflammatories) and there was no record of ongoing medical treatment. (Tr. at 20, 194.) Other clinical notes detailing services by Dr. Johnstone referred to ongoing gynecological issues secondary to menopause. Based on Plaintiff's activities prior to the date of last insured (December 2000), including walking four miles a day, doing housework for her sister, cooking meals for up to three people, grocery shopping, watching television for four to six hours a day, visiting with family and friends, and caring for her personal needs (Tr. at 102, 119, 125, 194, 229), there was sufficient evidence to support the ALJ's decision Plaintiff could perform a range of light work with additional limitations to accommodate her hearing loss. Based on the testimony of the vocational expert, these limitations did not

preclude past relevant work as an eyelet machine operator. (Tr. at 368.) Thus, to the extent the ALJ did not specifically reject Dr. Johnstone's opinion, any error was harmless. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1991) (whether findings of fact are supported by substantial evidence or the law was correctly applied by the ALJ are questions subject to the harmless error standard).

2.  <u>Witness Statement</u>

Plaintiff contends the ALJ erred when she rejected the testimony of Plaintiff's sister and mother who stated Plaintiff would indicate understanding because of social pressure even though she did not. Additionally, Plaintiff's sister related Plaintiff attended special education throughout her school years until the ninth grade when she transitioned to a regular classroom. Plaintiff did not complete the ninth grade and permanently left school. The ALJ rejected the testimony to the extent it was relied upon to prove disability, but accepted it to the extent it supported the limitations in the hypothetical supplied to the vocational expert. (Tr. at 23.) An ALJ may not discount lay witness testimony without giving germane reasons for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The medical record, as outlined by the ALJ and confirmed by the court's review including Plaintiff's successful work history as an eyelet machine operator, does not support a finding of disability based on cognitive impairment. Plaintiff stated she offered to be laid off from that job because of symptoms associated with hypothyroidism, not cognitive impairment. (Tr. at 340.) Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

1 **DENIED.**

2  2.  Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **GRANTED;** Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3  3.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED April 20, 2006.

          S/ CYNTHIA IMBROGNO
       UNITED STATES MAGISTRATE JUDGE